UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN DOE § | |
| § | |
| v. § | |
| § | CAUSE NO. 5:15-CV-566 RP |
| CAMP RECOVERY CENTERS, L.P., § | |
| CRC RECOVERY, INC., and § | |
| CRC HEALTH GROUP, INC. § | |

**PLAINTIFF'S MEMORANDUM OF LAW
AND RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE PITMAN:

1. Defendants have moved for partial summary judgment. In essence, Defendants argue that, because at least some of Plaintiff's claims are health care liability claims governed by TEX. CIV. PRAC. & REM. CODE Ch. 74, all Plaintiff's claims are governed by that statute. Defendants further argue that, as a result, Plaintiff is foreclosed from basing claims on other statutes, including two Texas statutes, and one California statute. Defendants also seek to foreclose Plaintiff's recovery of damages authorized under these other statutes, especially attorney's fees and civil penalties. Plaintiff will respond with respect to the Texas law claims, the California law claims, and the attorney's fee claims, separately and in different sections below.

2. At the outset, it is important to note what the Defendants' Motion does not do. It does not seek to dismiss Plaintiff's claims entirely. Rather, it seeks to have the Court

   "DISMISS Plaintiff's claims for negligence per se; negligence per se claim pursuant to TEX. HEALTH & SAFETY CODE §321.003 for violations of 25 TAC §448.217 and 25 TAC §441.101; cause of action for negligent hiring, training, supervision, and retention of employees; claim for violations of California Civil Code §§51.7 and 52

and for violations of TEX. CIV. PRAC. & REM. CODE §81.002; and DISMISS all of Plaintiff's claims for attorneys' fees."

The Motion is therefore specifically limited to dismissing Plaintiff's claims for negligence per se, whether based on Texas or California law, as well as Plaintiff's claims for Negligent hiring, training, supervision and retention, and claims for attorney's fees as damages.

### Plaintiff's Claims for Negligent Hiring, Training, Supervision and Retention Have Been Previously Determined by this Court

3. The Court has already ruled that Plaintiff's claims for "negligent hiring, training, supervision, and retention of employees" should not be dismissed, at this stage. See Doc. No. 15, p. 4. With regard to these claims, discovery is ongoing, and it is premature to consider a Motion for Summary Judgment. Further, there are no facts in the pending Motion's supporting affidavits which support changing the Court's prior ruling concerning these causes of action. Because the Court has already addressed these issues, Plaintiff will not respond further to this part of the Motion for Partial Summary Judgment.

### Whether Plaintiff's Claims Are Health Care Liability Claims Is Irrelevant to Disposition of Defendants' Motion

4. With regard to the rest of the Motion for Partial Summary Judgment, Plaintiff concedes that *Christus Health v. Beal*, 240 S.W.3d 282, 286 (Tex. App.- Houston [1st Dist.] 2007, no pet.) decided that a drug and alcohol treatment center is a health care provider. It is also true that *NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 35-36 (Tex. App.—El Paso 2006, no pet.), decided that claims made under Ch. 81, TEX. CIV. PRAC. & REM. CODE, are health care liability claims. Finally, it is true that *Texas Laurel Ridge Hosp., L.P., v. Almazan*, 374 S.W.3d 601 (Tex. App. - San Antonio, 2012, no pet.), decided that claims under Ch. 321 TEX. HEALTH & SAFETY CODE, are health care liability claims. However, all these cases were decided in the context of whether an expert report was required to be filed, pursuant to

Sec. 74.351. The report requirement does not apply in Federal Courts. *Passmore v. Baylor Health Systems*, No. 15-10358 (5th Cir. May 19, 2016). None of these cases, and none of the other cases cited by Defendants in their Memorandum, supports the notion that violations of the cited statutes are not viable as health care liability claims.

5. In addition, the Texas Supreme Court recently revised the framework in which courts should conduct the analysis of whether a lawsuit states a health care liability claim. *Ross v. St. Luke's Episcopal Hospital*, No. 13-0439, Tex., June 15, 2015. In that case, the question was whether a slip and fall case was a health care liability claim. The Court answered, "We hold that it is not, because the record does not demonstrate a relationship between the safety standards [Plaintiff] alleged the hospital breached . . . and the provision of health care, other than the location of the occurrence and the hospital's status as a health care provider."

6. The court went on to articulate the manner in which it may be determined that a "safety" based claim is a health care liability claim. The Court held that "A safety standards-based claim does not come within [Ch. 74's] provisions just because the underlying occurrence took place in a health care facility, the claim is against a health care provider, or both." Id. at 10. "The pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." Id. at 14.

7. Plaintiff does not agree that all the claims made in his Complaint are health care liability claims as defined by Ch. 74, TEX. CIV. PRAC. & REM. CODE. However, the denial of Defendants' Motion does not depend on whether Plaintiff's claims are health care liability claims, but on principles of statutory construction. **Therefore, for purposes of Plaintiff's Response, Plaintiff will assume that all of his negligence *per se* claims under Texas law**

**are health care liability claims governed by Ch. 74, TEX. CIV. PRAC. & REM. CODE**. The Defendants' Motion for Partial Summary Judgment should be denied, regardless, because Ch. 74 does not foreclose the reliance on other statutes to provide either 1) standards of care or 2) remedies.

### There Is No Conflict Between Ch. 74, Ch. 321 and Ch. 81, So All May Be Applied Equally

8. The broadest and most general response to Defendants' Motion is found in Ch. 74 of the TEX. CIV. PRAC. & REM. CODE itself. Sec. 74.002 provides that, "(a) In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." Defendants have not identified any conflict between Ch. 74 and the other statutes that Plaintiff invokes. They have not done so because there is none.

9. If there is no conflict between Ch. 74 and the other statutes on which Plaintiff relies, ordinary principles of statutory construction require that both be given effect. Those principles have been enacted as a section of the TEXAS GOVT. CODE, known as the Code Construction Act. TEX. GOVT. CODE Ch. 311. Sec. 311.021 of that Code provides that, "In enacting a statute, it is presumed that: . . . (2) the entire statute is intended to be effective . . ."

10. Even if there is a conflict, Sec. 311.026 (a) TEX. GOVT. CODE goes further. "If a general provision conflicts with a special or local provision, **the provisions shall be construed, if possible, so that effect is given to both**." [Emphasis added.] There is no showing or argument, in the Defendants' Motion, that it is not possible to give effect both to Ch. 74 and to the statutes on which Plaintiff relies, Ch. 321 TEX. HEALTH & SAFETY CODE, and Ch. 81, TEX. CIV. PRAC. & REM. CODE. Defendant only shows that, in the circumstances of the cited

cases, cases based on Ch. 321 TEX. HEALTH & SAFETY CODE, and Ch. 81, TEX. CIV. PRAC. & REM. CODE must also comply with the requirements of Ch. 74 TEX. CIV. PRAC. & REM. CODE.

**There Is No Conflict Between Ch. 74 and Ch. 321**

11. In particular, there is no showing that there is any conflict between the safety standards set out in Ch. 321 TEX. HEALTH & SAFETY CODE, and Ch. 74, TEX. CIV. PRAC. & REM. CODE. Indeed, a comparison of court decisions concerning direct hospital liability with Ch. 321 TEX. HEALTH & SAFETY CODE shows that many of the standards are the same.

12. Although **CRC HEALTH GROUP, INC.**, the parent of the other Defendants, is not a hospital, Texas cases involving direct liability of hospitals are instructive, because the position of CRC Health Group is similar to that of a hospital. Texas law has found a basis for direct liability of hospitals in the negligent performance of a duty owed directly to the patient. Among these duties are: a duty to keep its premises in a reasonably safe condition, *Charrin v. Methodist Hosp.*, 432 S.W.2d 572, 574–75 (Tex. Civ. App. - Houston 1st Dist. 1968, no writ); a duty to use reasonable care in formulating policies and procedures that govern its medical staff and non-physician personnel, *Air Shields, Inc. v. Spears*, 590 S.W.2d 574 (Tex. Civ. App. - Waco 1979, writ ref'd n.r.e.); a duty to exercise reasonable care in the selection of its medical staff and to periodically monitor and review the medical staff's competency. *Park North Gen. Hosp. v. Hickman*, 703 S.W.2d 262 (Tex. App. - San Antonio 1985, writ ref'd n.r.e.).

13. Several of the duties found by Texas courts and enumerated above have parallels in the language of TEX. HEALTH & SAFETY CODE Sec. 321.002, and in the sections of the Texas Administrative Code which set standards for facilities such as the one run by Defendants and

at issue here. See, e.g., 25 TAC Sec. 448.211, "The provider shall provide an appropriate, safe, clean, and well-maintained environment;" and 25 TAC Sec. 448.203, "Providers shall plan, supervise adequately, and evaluate any activity for which they are responsible." In the absence of an conflict between these standards and those of Ch. 321, both can be applied, and both should be applied.

### There Is No Conflict Between Ch. 74 and Ch. 81

14. Nor is there any showing of there is any conflict between the liability standards set out in Ch. 81, TEX. CIV. PRAC. & REM. CODE, and Ch. 74, TEX. CIV. PRAC. & REM. CODE. Indeed, a simple reading of Ch. 81 makes clear that it simply limns a moral and legal boundary for providers of mental health services.

> Sec. 81.002. SEXUAL EXPLOITATION CAUSE OF ACTION. A mental health services provider is liable to a patient or former patient of the mental health services provider for damages for sexual exploitation if the patient or former patient suffers, directly or indirectly, a physical, mental, or emotional injury caused by, resulting from, or arising out of . . . sexual contact . . .; sexual exploitation . . .; or therapeutic deception . . .

All of those things are then carefully defined by the statute. Again, if there is no conflict, there is no reason both cannot be applied.

### California Law May Apply in the Circumstances of this Case

15. Plaintiff's reliance upon California law for certain elements of recovery poses a different question. It is a question of Conflict of Laws. Defendants' Motion does not address the conflict of laws question. Instead, it relies on a supposed pre-emptive effect of Ch. 74, TEX. CIV. PRAC. & REM. CODE. As pointed out in the sections above, concerning Texas statutes, there is no such pre-emptive effect in the statute, in the absence of a conflict. Defendants have made no showing of a conflict between Ch. 74 and the California statute. Indeed, they have not even tried to do so.

16. There is, however, an initial question raised by Plaintiff's pleadings. It is whether, under a Conflict of Laws analysis, California law may be applied in this case at all. For purposes of this Response, since Defendants' Motion has not argued Conflict of Laws prohibits application of the California statute, the only question to be answered is whether California law might apply to the conduct of one or more of the Defendants. If the answer is, "perhaps," Defendants' Motion should be denied at this stage of the litigation. That is so because Defendants have the burden, in a Motion for Summary Judgment, to show that one or more elements of Plaintiff's claim are foreclosed. If the undisputed facts do not foreclose any basis for the claim, the Motion should be denied. A short discussion of the principles involved in the Conflict of Laws question, and the facts in the present case, show that the undisputed facts support a possible application of the specific California law at issue.

17. Since 1979, the Texas Supreme Court has applied the Restatement's "most significant relationship" test to decide choice of law issues. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979). Section 6 of the Restatement sets out the general factors relevant to the choice of law. They are (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be Applied. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 (1971).

18. Section 145 contains the factual matters to be considered when applying these principles to a tort case. These include (a) the place where the injury occurred, (b) the place where the

conduct causing the injury occurred, (c) the domicil [*sic*], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. Section 145 says "these contacts are to be evaluated according to their relative importance with respect to the particular issue." Id. §145 (1971).

19. This task is best undertaken by the Court with a full evidentiary record. However, even at the present stage, it is clear that the place of incorporation of at least two of the Defendants is California. The place where the conduct that immediately caused the injury alleged is Texas, but there are allegations in the Plaintiff's Complaint that place the locus of the omissions which led to the conduct which caused the injury in California. Further, it is not apparent, on the present record, what is the relative importance of the various facts is with regard to the particular issue.

20. The very case in which the Texas Supreme Court adopted Secs. 6 and 145 of the RESTATEMENT illustrates the problem, and shows why a resolution at this stage is premature. Gutierrez v. Collins, 583 S.W. 2d 312 (Tex. 1979). That case involved a case where two residents of El Paso were involved in a car wreck in Mexico. Discussing which forum should apply the law to the case, the Court said,

> The only contact Mexico has with this case is the fact that the accident occurred there. Further, it makes little sense to apply Mexico's measure of damages, which indexes the amount of recovery to the prevailing wages set by the labor law of that nation, when both Gutierrez and Collins are residents of Texas.

Id. at 319. Nonetheless, the Court did not decide the matter, but sent it back to the trial court for a fuller development of the record.

21. On the present record, this Court should deny the Motion for Summary Judgment with regard to whether California law may provide a basis for recovery of civil penalties in the context of a Texas healthcare liability claim, where two of the Defendants are California business

entities.

### There Is No Provision in Ch. 74 Limiting Claims for Attorneys' Fees

22. Finally, Defendants argue that the attorney's fee awards allowed by Ch. 321 TEX. HEALTH & SAFETY CODE and Ch. 81 TEX. CIV. PRAC. & REM. CODE may not be recovered in a health care liability claim. Defendants make this claim without any real support in the statute or the cases cited. There are, in Ch. 74 TEX. CIV. PRAC. & REM. CODE, some limitations on damages, but they do not limit the recovery of attorney's fees. Instead, Ch. 74 limits "non-economic" damages. Sec. 74.301.

23. For more than a century, Texas has followed the "American Rule" and not allowed trial courts the inherent authority to award attorneys' fees absent a contract or statute. *Intercontinental Group Partnership v. KB Home Loan Star L.P.*, 295 S.W.3d 650 (Tex. 2009). However, attorney's fees are specifically allowed by Sec. 321.003(d) TEX. HEALTH & SAFETY CODE and Secs. 81.004 (b) and 81.010 (b)(3) TEX. CIV. PRAC. & REM. CODE. Attorney's fees are, in this context, neither economic damages nor non-economic damages. Instead, they are an element of recovery specifically allowed by statute. Ordinarily, attorneys' fees may not be recovered in a health care liability claim governed by Ch. 74, CPRC. Here, in the event that Plaintiff proves violation of the appropriate provisions of the TEX. HEALTH & SAFETY CODE or the TEX. CIV. PRAC. & REM. CODE, attorneys' fees are available. Defendants' Motion should be denied.

24. **PRAYER FOR RELIEF**. Plaintiff respectfully requests that this honorable court DENY the Motion to for Partial Summary Judgment filed by Defendants, and for such other and further relief to which he may be entitled or the Court deems equitable, just and proper.

*DOE VS. CAMP RECOVERY CTRS, L.P., et al.* // **P'S RESP. TO DS' MOT. FOR PARTIAL SUMMARY JUDGMENT**, p. 9 of 10

Respectfully submitted,

**STEPHEN G. NAGLE**
1002 West Avenue, First Floor
Austin, Texas 78701
(512) 480-0505 - Telephone
(512) 480-0571 - Facsimile
sgnagle@lawyernagle.com

By:

_____
**STEPHEN G. NAGLE, SBN 14779400
ATTORNEY FOR PLAINTIFF JOHN DOE**

## CERTIFICATE OF SERVICE

By my signature above, I certify that, on July11, 2016, I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).