UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN DOE | § | |
| | § | |
| v. | § | |
| | § | CAUSE NO. 5:15-CV-566 RP |
| CAMP RECOVERY CENTERS, L.P., | § | |
| CRC RECOVERY, INC., and | § | |
| CRC HEALTH GROUP, INC. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY
### ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE PITMAN:

1. Defendants have moved for partial summary judgment. Plaintiff filed a Response, and Defendants have Replied. This is Plaintiff's final response, to that reply.

2. The essential argument of Defendants is that ALL Plaintiff's claims are governed by Ch. 74, TEX. CIV. PRAC. & REM. CODE, and that Ch. 74 precludes reliance upon any of the other statutes upon which Plaintiff has stated claims. The foundation upon which this argument rests is Sec. 74.002, which provides that, " In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." The fundamental question for the Court is therefore whether there is any conflict between the statutes upon which Plaintiff relies in his pleadings, and Ch. 74, TEX. CIV. PRAC. & REM. CODE.

3. There are only two reported cases in which the Texas Supreme Court considered whether there was a conflict between Ch. 74 and another statute. The most recent, and most significant, is *Texas West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171 (Tex. 2012). There,

the Court considered whether there was any conflict between the Texas Workers Compensation Act (TWCA), and Ch. 74. It concluded, that there was "no conflict between the TMLA [Ch. 74] and the TWCA, whether the claim at issue is asserted against an employer subscribing to workers' compensation insurance or, as here, against a nonsubscriber." *Id*. at 186.

4. The Court went on to explain: "[T]he workers' compensation construct contemplates two systems, one in which covered employees may recover relatively quickly and without litigation from subscribing employers and the other in which nonsubscribing employers, or the employers of employees who have opted not to accept workers' compensation coverage, are subject to suit by injured employees to recover for their on-the-job injuries." *Id*.

5. "In this case, the governing rules include the TMLA's requirements for a claimant suing a health care provider. Other proceedings to recover against nonsubscribing employers would similarly be governed by applicable statutes and rules, e.g., proof of negligence and causation, notice requirements under the Texas Tort Claims Act, or the common pleading and service requirements in the Texas Rules of Civil Procedure for all lawsuits." *Id*.

6. The Texas Supreme Court has, in this passage, explicitly recognized that the requirements of Ch. 74 are in addition to, and do not replace, the provisions of other statutes and rules, except in the case of explicit conflict between statutes. Defendants have not pointed to any such conflict.

7. The other case in which the Texas Supreme Court considered whether there is a conflict between Ch. 74 and another Texas law also illustrates this point. That case is *Molinet v. Kimbrell*, 356 S.W.3d 407 (Tex. 2011). In *Molinet*, the Court was faced with a clear conflict. Molinet sued two doctors. Those doctors named other health care providers as responsible

third parties. This occurred after the two year statute in Sec. 74.251(a) TEX. CIV. PRAC. & REM. CODE had run.

8. Molinet tried to add the responsible third parties as Defendants, relying on Section 33.004(e), TEX. CIV. PRAC. & REM. CODE (since repealed). That section stated: "If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party."

9. The providers named objected that Sec. 74.251 did not allow them to be added, because it states: "**Notwithstanding any other law . . . , no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment** that is the of the claim or the hospitalization for which the claim is made **is completed**....[emphasis added]" This is precisely the sort of clear conflict which Defendants have not found, and cannot find, in the present case, because it does not exist.

10. If there is no conflict between Ch. 74 and the other statutes on which Plaintiff relies, ordinary principles of statutory construction require that both be given effect.

11. **PRAYER FOR RELIEF**. Plaintiff respectfully requests that this honorable court DENY the Motion to for Partial Summary Judgment filed by Defendants, and for such other and further relief to which he may be entitled or the Court deems equitable, just and proper.

Respectfully submitted,

**STEPHEN G. NAGLE**
1002 West Avenue, First Floor
Austin, Texas 78701
(512) 480-0505 - Telephone
(512) 480-0571 - Facsimile
sgnagle@lawyernagle.com

By:

_____
**STEPHEN G. NAGLE, SBN 14779400
ATTORNEY FOR PLAINTIFF JOHN DOE**

### CERTIFICATE OF SERVICE

By my signature above, I certify that, on August 2, 2016, I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).