UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN DOE § | |
| § | |
| v. § | |
| § | CAUSE NO. 5:15-CV-566 RP |
| CAMP RECOVERY CENTERS, L.P., § | |
| CRC RECOVERY, INC., and § | |
| CRC HEALTH GROUP, INC. § | |

PLAINTIFF'S RESPONSE
TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT
AND MOTION FOR EXTENSION OF TIME TO FILE SUCH RESPONSE

TO THE HONORABLE JUDGE PITMAN:

1. Defendants have filed a Second Motion for Partial Summary Judgment with respect to certain of the Plaintiff's claims in this case. The deadline for a response is long past.

2. The Motion was served while counsel for Plaintiff was on vacation. The Court, at a hearing on September 1, agreed to extend the deadline for a response, but that deadline has passed as well. Plaintiff now seeks to file this very short response, and asks that the Court, in its discretion, consider it. Plaintiff agrees, in advance, to any request from counsel for Defendants for an extension of their own time for Reply to this Response, and waives any right to file a Sur-Response to the Second Motion for Summary Judgment, unless a new issue is raised in any Reply filed by Defendants.

3. Plaintiff agrees that Defendants' Second Motion for S.J. is valid as far as it goes. It is uncontested that the Starlite facility of Camp Recovery Centers, L.P., made its own hiring and staffing decisions. However, that does not negate all the allegations of the Plaintiff's

        Complaint concerning **CAMP RECOVERY CENTERS, CRC RECOVERY** and **CRC HEALTH**.

4.    The pertinent allegations of the First Amended Complaint are as follows:

   14.    At all times pertinent to this lawsuit, **CAMP RECOVERY CENTERS, CRC RECOVERY** and **CRC HEALTH** were jointly responsible for hiring, training, retaining and supervising employees to provide alcohol rehabilitation and drug rehabilitation services to clients and to maintain the safety of clients in its residential facilities.

   15.    At all times pertinent to this lawsuit, **CRC RECOVERY** and **CRC HEALTH** determined and controlled the training and hiring policies of **CAMP RECOVERY CENTERS.** This control also included effectively determining the pay scales and staffing levels of the Starlite Recovery Center and Summit House.

5.    Defendants' Second Motion for Summary Judgment does not negate the allegation that training and hiring *policies* were determined by **CRC RECOVERY** and **CRC HEALTH GROUP**. It also does not negate the allegation that, *by exerting financial control*, **CRC RECOVERY** and **CRC HEALTH GROUP** determined pay scales and thereby affected the hiring and training policies. The essential allegation of Plaintiff is that, by controlling the hiring and training *policies*, and *by exerting financial control*, **CRC RECOVERY** and **CRC HEALTH GROUP** became jointly responsible for decisions about hiring, training, retaining and supervising employees.

6.    Therefore, Defendants' Second Motion for Partial Summary Judgment should be DENIED.

7.    **CERTIFICATE CONCERNING CONFERENCE**. The undersigned has attempted to

communicate with counsel for Defendants. I have not spoken to Nichol Bunn, but did speak with Amber Pickett, who stated that Defendants would take the same position as at the hearing on September 1, which is that the Motion for Extension of Time is neither opposed nor agreed.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this honorable court GRANT his Motion for Extension of Time, DENY Defendants' Second Motion for Partial Summary Judgment, and for such other and further relief to which he may be entitled.

Respectfully submitted,

**STEPHEN G. NAGLE**
1002 West Avenue, First Floor
Austin, Texas 78701
(512) 480-0505 - Telephone
(512) 480-0571 - Facsimile
sgnagle@lawyernagle.com

By:

_____
**STEPHEN G. NAGLE, SBN 14779400**
**ATTORNEY FOR PLAINTIFF JOHN DOE**

## CERTIFICATE OF SERVICE

By my signature above, I certify that, on September 21, 2016, I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).